(No. 83-CC-0315-)

AETNA CASUALTY & SURETY COMPANY OF ILLINOIS, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed April 12, 1984.*

AETNA CASUALTY & SURETY CO. OF ILLINOIS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause comes on to be heard on the Respondent's motion to reopen and reconsider an award which we previously held in abeyance by order of this Court dated January 5, 1984;

The court finds:

1. That Claimant, Aetna Casualty & Surety Company of Illinois, as surety, posted a *supersedeas* bond for the Office of the Attorney General as principal.

2. That the bond was required of the State of Illinois by a Federal district judge when the State appealed a civil contempt citation, *Hughes v. Vujovich*, No. 80-2729, in which the assistant Attorney General for the State of Illinois was ordered to pay attorney fees of $1,500.00 and expenses of $46.34, plus interest.

3. That that proceeding arose out of a case entitled *Hughes v. Gentry*, No. 78-C-2523, which was a civil rights case which ended with a consent decree dated

April 4, 1980, which required the Department of Corrections to pay plaintiff $525.00.

4. That the assistant Attorney General for the State was held in civil contempt when he attempted to set off against this payment an amount owed by the plaintiff to the State as a result of an award of attorney fees in *Hughes v. Rowe*, No. 77-C-4583.

5. That the Court of Appeals for the Seventh Circuit affirmed the decision of the Federal court in *Hughes v. Vujovich*, No. 80-2729.

6. That Claimant paid to Shiff, Hardin & Waite, attorneys for Russell B. Hughes, Jr., $1,774.11 on June 23, 1982.

7. That the assistant Attorney General for the State is a State employee with the right of indemnification under "An Act to provide for Representation and Indemnification in certain civil lawsuits." Ill. Rev. Stat. 1981, ch. 127, par. 1301 *et seq.*

8. That by posting of the *supersedeas* bond and making the required payment for attorney fees, expenses and interest, the Claimant here succeeds to the right of indemnification.

9. That the claim at bar was pending in this Court on the date of our decision in *Norman v. State* (1983), 35 Ill. Ct. Cl. 895, and, said decision having prospective effect only, is not barred thereby.

Wherefore, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $1,774.11.